UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **PAM MILETELLO** | * | **CIVIL ACTION NO. 16-1623** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **R M R MECHANICAL INC. ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted, [doc. # 7], filed by Defendant the Succession of Gerald Miletello. For the reasons assigned below, it is recommended that the motion be **GRANTED** and that Plaintiff's claims against it be **DISMISSED WITH PREJUDICE**.

Background

On November 22, 2016, Plaintiff Pam Miletello filed the instant lawsuit pursuant to the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. claiming that she is the surviving spouse of Gerald Miletello (the "decedent") and is the beneficiary of the interest in his 401(k) Plan (the "Plan"). [doc. #1]. While employed as a principal for defendant R M R Mechanical Inc. ("RMR"), the decedent died in a plane crash on October 27, 2015. RMR is the administrator of the Plan, which holds approximately five hundred thousand dollars ($500,000) in funds. *See* doc. #14-1, p. 1.

Plaintiff filed suit against RMR, the decedent's ex-wife Sandra Bellgard Miletello, and

the Gerald Miletello Succession (the "Succession"). In essence, Plaintiff avers that the decedent's ex-wife and the Succession are attempting to wrongfully influence the distribution of the decedent's interest in the Plan. *Id.* ¶ 3. She further asserts that RMR, as the administrator, has failed and refused to provide requested information and notices required by ERISA, and that it has failed and refused to acknowledge or process Plaintiff's claim. *Id.* ¶ 10.

On January 5, 2017, the Succession filed the instant motion to dismiss arguing that Plaintiff's allegations fail to support a viable claim against the Succession under ERISA. [doc. #7]. Plaintiff filed her opposition on January 25, 2017. [doc. #9]. This matter is before the Court.

## Law and Analysis

### I. Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal*, 556 U.S. at 678. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See*

*Twombly*, 550 U.S. at 556.

In deciding whether the complaint states a valid claim for relief, a court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). However, the same presumption does not extend to legal conclusions. *Iqbal,* 556 U.S. at 678. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 678. A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly,* 550 U.S. at 556. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II.     Plaintiff's Claims

Subject matter jurisdiction in this case is based on ERISA. Plaintiff's complaint alleges violations of 29 U.S.C. §§ 1104, 1132, 1133, 1163, and 1166, as well as 29 C.F.R. 2575.502(c)-1 and 29 C.F.R. 2560.503-1. The issue before this court is whether Plaintiff has plausibly pleaded a viable claim under ERISA against the Succession.

### 1. 29 U.S.C. § 1104

Plaintiff avers that the "Plan has a duty under 29 U.S.C. § 1104(a)(1)(D) to administer

the plan consistent with the requirements of ERISA." [doc. #1, ¶25]. Section 1104(a)(1)(D) requires a fiduciary to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries" and "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III." 29 U.S.C. § 1104(a)(1)(D).

> Under ERISA, a person is a fiduciary with respect to a plan to the extent:
>
> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21). The phrase 'to the extent' indicates that a person is a fiduciary only with respect to those aspects of the plan over which he exercises authority or control. *Musmeci v. Schwegmann Giant Super Mkts., Inc.*, 332 F.3d 339, 351 (5th Cir. 2003) (citations omitted). Fiduciary status is determined by looking at the actual authority or power demonstrated, as well as the formal title and duties of the parties at issue. *Landry v. Air Lines Pilots Ass'n Intern. AFL-CIo*, 901 F.2d 404, 418 (5th Cir. 1990).

Here, there is no contention by Plaintiff that the Succession exercises any control or authority over the Plan or its assets such that the Succession is a fiduciary under ERISA. *Compare Musmeci,* 332 F.3d at 351 (CEO of plaintiff's company was a fiduciary under ERISA because he exercised control and authority over the Plan at issue). Absent any authority or control over the Plan, no fiduciary duties under ERISA were imposed on the Succession. Accordingly, to the extent Plaintiff asserts a claim under § 1104 against the Succession, that

4

claim should be DISMISSED.

    2. 29 U.S.C. § 1132

In her opposition, Plaintiff states that she is authorized to bring a claim against the Succession pursuant to ERISA § 502(a)(1)(B). [doc. #9, p. 1]. That section provides that "[a] civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "This provision is relatively straightforward. If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

Typically, the administrator or the employer (if the employer is also the plan sponsor and/or administrator) is the proper defendant under § 502(a)(1)(B). *See Musmeci*, 332 F.3d at 350-51. The entity or person that actually has the power to deny or grant the benefits in question is the proper defendant. *Id.* at 350; *see North Cypress Medical Ctr. Operating Co. v. CIGNA Healthcare*, 782 F.Supp.2d 293, 306 (S.D. Tex. 2011) (noting that the significant factor is whether the defendant has the ultimate decisionmaking authority as to whether the plaintiff is entitled to benefits under the plan); *Kinnison v. Humana Health Plan of Tex., Inc.*, No. C-07-381, 2008 WL 2446054, *11 n. 26 (S.D. Tex. June 17, 2008) ("[A] proper defendant in an ERISA section 502(a)(1)(B) action must also be one who is responsible for paying out benefits under the ERISA plan.").

Here, the Succession does not have power to deny or grant benefits under the Plan. RMR, as the administrator, maintains that power and is the proper defendant for Plaintiff's §

502(a)(1)(B) claim. Accordingly, to the extent Plaintiff asserts a claim under § 1132 against the Succession, that claim should be DISMISSED.

### 3. 29 U.S.C. §§ 1163, 1166 and 29 C.F.R. § 2575.502(c)-1

Plaintiff asserts that the plan administrator "ignored all of the letters and plaintiff's request for information and ignored its duty to notify plaintiff of a qualifying event" as required by 29 U.S.C. §§ 1163 and 1166. [doc. #1, ¶ 15].

An administrator has a duty to notify qualified beneficiaries of qualifying events under ERISA. 29 U.S.C. § 1166(a)(4). 29 U.S.C. § 1163 defines what the term "qualifying event" means. 29 U.S.C. § 1163. Where the plan administrator fails to properly provide a beneficiary with notice, that administrator can be held personally liable to the tune of $100.00 per day. 29 C.F.R. § 2575.502(c)-1.

Per the plain language of § 1166(a)(4), only the plan administrator has a duty to notify a qualified beneficiary of a qualifying event. *See Lopez* ex rel. *Gutierrez v. Premium Auto Acceptance Corp.*, 389 F.3d 504, 507-08 (5th Cir. 2004) (noting that § 1166 requires *the plan administrator*, usually the employer, to notify the beneficiary of her rights after a qualifying event occurs); *Aaron v. Leday*, No. 4:13-cv-01716, 2013 WL 5936623, *4 (S.D. Tex. Nov. 5, 2013) (dismissing claim pursuant to § 1166 because Defendants did not serve as plan administrator); *Lawrence v. Jackson Mack Sales, Inc.*, 837 F.Supp. 771, 790 (S.D. Miss. 1992) (denying dismissal of § 1166 claims where there was evidence that Defendants may have acted as plan administrators at times). RMR is the administrator of the Plan at issue in this case. Moreover, Plaintiff concedes that "[t]he succession has no duty to plaintiff to provide information regarding her interest in the Plan." [doc. #1, ¶ 20].

Accordingly, to the extent Plaintiff asserts a claim against the Succession pursuant to §§ 1163 and 1166, those claims should be DISMISSED.

### 4. 29 U.S.C. § 1133 and 25 C.F.R. 2560.503-1

Plaintiff complains that the administrator has ignored the claims procedure set forth in 29 U.S.C. § 1133. [doc. #1, ¶ 16]. Section 1133 provides that "every employee benefit plan shall" "provide adequate notice in writing to any participant or beneficiary whose claims for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant" and "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133. The regulations promulgated by the Department of Labor pursuant to § 1133 are found in 29 C.F.R. 2560.503-1. Together, these require the Plan to "(1) provide adequate notice; (2) in writing; (3) setting forth the specific reasons for such denial; (4) written in a manner calculated to be understood by the participant; and (5) afford a reasonable opportunity for a full and fair review by the administrator." *Wade v. Hewlett-Packard Development Co. LP Short Term Disability Plan*, 493 F.3d 523, 540 (5th Cir. 2007), *abrogated on other grounds by Killen v. Reliance Standard Life Ins. Co.*, 776 F.3d 303 (5th Cir. 2015).

To start, Plaintiff's claim for benefits under the Plan has not been denied, suggesting that any claim under § 1133 is premature. In any event, § 1133's requirements only apply to Plans or administrators. The Succession has no power, authority or control over the Plan and thus, it certainly cannot provide a plan participant or beneficiary with notice of the reasons for a denial.

Therefore, to the extent Plaintiff asserts a claim against the Succession pursuant to §

x

1133, that claim should be DISMISSED.[1]

### Conclusion

In sum, a thorough review of Plaintiff's complaint establishes no viable claim for relief under ERISA against the Succession.

For the reasons discussed above, **IT IS RECOMMENDED** the motion to dismiss filed by the Succession, [doc. #7], be **GRANTED** and that Plaintiff's claims against it be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[1] The Court also considered whether it would have supplemental jurisdiction over a potential state law tortious interference claim against the Succession. However, the Court finds that Plaintiff has failed to plead a plausibly viable claim for tortious interference under Louisiana law. *See Harris Builders, L.L.C. v. URS Corp.*, 861 F.Supp.2d 746, 750 (E.D. La. 2012) (discussing the very limited scope of tortious interference claims in Louisiana). Even if Plaintiff had plausibly pleaded a viable state law claim, the Succession is not the proper party to be sued. Capacity to sue or be sued is determined "by the law of the state where the court is located". FED. R. CIV. P. 17(b)(3). Under Louisiana law, the proper party defendant in a suit against a succession is a succession representative. LA. C. CIV. P. art. 734. Accordingly, Jesse Miletello, as the executor of the Succession, would be the proper party.

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 9th day of March 2017.

K<small>AREN</small> L. H<small>AYES</small>
U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>